[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
November 16, 2005
**THOMAS K. KAHN**
**CLERK**

No. 05-12097
Non-Argument Calendar

_____

D. C. Docket No. 04-60281-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSICA TODERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 16, 2005)**

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Jessica Todero appeals her sentence for conspiracy to possess with intent to

distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(B)(viii), and 846. Todero asserts the district court erred in

sentencing her under the sentencing guideline for "Ice,"[1] and not the guideline for

methamphetamine by considering judicially-determined facts as to drug purity, in

violation of her Sixth Amendment right to a jury trial under *United States v.*

*Booker*, 125 S. Ct. 738 (2005). She contends because the Government did not

allege the purity of the drug in the indictment, charge purity at the open plea, or

prove purity during the sentencing hearing, the district court could not use purity to

increase the base offense level without violating the Sixth Amendment, and the

district court should have sentenced her based simply on the methamphetamine

included in the indictment to which she pled guilty. Todero also contends U.S.S.G.

§ 2D1.1, comment. (n.9) exempts methamphetamine from upward sentence

departures based on purity, and the district court has violated that commentary by

sentencing her for Ice. The district court did not err, and we affirm.

A district court's interpretation of the federal guidelines is subject to de novo

review, while its factual findings must be accepted unless clearly erroneous.

*United States v. Jordi*, 418 F.3d 1212, 1214 (11th Cir. 2005); *see also United*

*States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005). The district court must

---

[1] Ice is defined as a mixture that is at least 80% pure methamphetamine. *See* U.S.S.G. § 2D1.1(c)(C).

correctly calculate the guideline range. *Crawford*, 407 F.3d at 1178–79. However, the calculation is only advisory, and the court "may impose a more severe or more lenient sentence," which we review for reasonableness. *Id.* at 1179. Further, when the court applies the guideline range in an advisory manner, nothing in *Booker* prohibits district courts from making, under a preponderance-of-the-evidence standard, additional factual findings that go beyond a defendant's admission. *United States v. Chau*, ___ F.3d ___, No. 05-10640, 2005 WL 2347210, at *6 (11th Cir. Sept. 27, 2005). Additionally, "[t]he district court's factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed statements in the PSI, or evidence presented during the sentencing hearing." *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004); *see also United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005) (holding when a defendant fails to object to a fact contained in the PSI or in the government proffer at the plea colloquy, the defendant is deemed to have admitted the fact, which the court then may use to enhance the sentence).

As an initial matter, the district court correctly calculated the guideline range. The base offense level for at least 50 grams of Ice is 32. U.S.S.G. § 2D1.1(c)(4). However, because the court granted Todero a minor-role reduction under § 3B1.2, § 2D1.1(a)(3) capped the base offense level at 30. After granting a

two-level safety-valve reduction pursuant to § 2D1.1(b)(7), § 5C1.2(a), a three-level acceptance-of-responsibility reduction pursuant to § 3E1.1, and a two-level minor-role reduction pursuant to § 3B1.2(b), the district court did not err in calculating the adjusted offense level at 23.

Moreover, because Todero objected only to the probation officer's use of the purity level in calculating her base offense level in the PSI, and not to the factual accuracy of the purity level, the methamphetamine's purity was an undisputed fact at sentencing. *See Shelton*, 400 F.3d at 1330; *Polar*, 369 F.3d at 1255. As we held in *Chau*, the Sixth Amendment is not implicated when the judge determines facts to implement a sentence under advisory guidelines. *Chau*, 2005 WL 2347210, at *6. In this case, the district court applied the Guidelines in an advisory fashion. Finally, Todero does not challenge the reasonableness of her sentence.

Todero's argument the district court violated § 2D1.1, comment. (n.9) by sentencing her for Ice is without merit. "Trafficking in controlled substances . . . of unusually high purity may warrant an upward departure, except in the case of . . . methamphetamine . . . for which the guideline itself provides for the consideration of purity . . . ." U.S.S.G. § 2D1.1, comment. (n.9). The district court used the guideline, which gave a base offense level according to the quantity and quality of methamphetamine at issue, and did not depart any further upward.

4

The district court did not err in sentencing Todero under the sentencing guideline for Ice.  Thus, we affirm Todero's sentence.

AFFIRMED.